UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN 0 6 2020

Kash Capital,

    Plaintiff,

—v—

Arauco North America, Inc.,

    Defendant.

19-cv-8232 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Defendant removed this action from New York Supreme Court, invoking the Court's subject matter jurisdiction by reason of diversity of citizenship. The Notice of Removal alleges that Defendant is a Delaware corporation with its principal place of business in Georgia. Dkt. No. 1 ¶ 4. It further alleges on information and belief that Plaintiff's principal place of business is in New York, Dkt. No. 1 ¶ 5, and asserts that Defendant is not aware of the corporate form of Plaintiff or its state of incorporation, Dkt. No. 1 ¶ 6.

"For jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998).

Within ten days of the date of this Order, Defendant shall amend its Notice of Removal to allege the citizenship of Kash Capital, including the state of incorporation and principal place of business. If, by the foregoing date, Defendant is unable to amend to truthfully allege complete

diversity of citizenship, then the case will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: January 6, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge